IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO: |
| v. ) ) ) | COMPLAINT |
| WATCO COMPANIES, INC., ) ) | |
| AND ) ) | |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, ) ) ) | JURY TRIAL DEMAND |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Michelle Chauvin ("Ms. Chauvin"). This suit is also brought to achieve appropriate injunctive relief to others who may have been adversely affected by the discriminatory practices of Defendants, Watco Companies, Inc. ("Watco") and

the Kansas City Southern Railway Company ("KCS"), and to prevent further occurrence of such practices.

The Commission alleges that Defendant Watco Companies, Inc. unlawfully discharged Ms. Chauvin in retaliation for having a pending employment discrimination lawsuit against the Kansas City Southern Railway Company. The Commission further alleges that Defendant the Kansas City Southern Railway Company unlawfully retaliated against Ms. Chauvin for filing the employment discrimination lawsuit against it by providing a negative reference or otherwise interfering with her employment with Watco. The Commission's allegations are discussed in greater particularity in paragraphs 9 through 15 below.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Shreveport Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Watco Companies, Inc. ("Watco") has continuously been a Kansas Corporation doing business in the State of Louisiana, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Watco has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant the Kansas City Southern Railway Company ("KCS") has continuously been a Missouri Corporation doing business in the State of Louisiana, and has continuously had at least 15 employees.

7. At all relevant times, Defendant KCS has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### STATEMENT OF CLAIMS

8. More than thirty days before the institution of this lawsuit, Ms. Chauvin filed two charges of discrimination with the Commission alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. In approximately August or September of 2007, Defendant KCS engaged in unlawful employment practices in Louisiana in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). KCS unlawfully retaliated against Ms. Chauvin by providing a negative reference or otherwise interfering with her employment with Watco.

10. In September of 2007, Defendant Watco engaged in unlawful employment practices in Shreveport, Louisiana in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-

3(a). Watco's unlawful employment practices included the retaliatory discharge of Ms. Chauvin because she was involved in an employment discrimination lawsuit against KCS.

11. Specifically, in 2005, after having filed an EEOC charge, Ms. Chauvin filed a lawsuit against KCS alleging discrimination.

12. In approximately June of 2007, a Watco employee or representative made a phone call to the Customer Service Director of KCS to inform him that Watco would be offering Ms. Chauvin a position at Watco.

13. In approximately June of 2007, Watco offered Ms. Chauvin a marketing position in its Shreveport, Louisiana office. On or about June 25, 2007, Ms. Chauvin began working at Watco as a Marketing Manager for the Gulf Region. Her responsibilities included working with personnel at KCS.

14. Sometime prior to September 6, 2007, one or more KCS employees informed Watco's then Senior Vice President of Marketing that Ms. Chauvin was involved in a lawsuit against KCS.

15. On or about September 6, 2007, Ms. Chauvin's immediate supervisor and Watco's then Senior Vice President of Marketing fired Ms. Chauvin after informing her that one or more KCS employees had informed them that she was involved in a lawsuit against KCS.

16. The effect of the unlawful employment practices complained of in paragraphs 9 though 15 above has been to deprive Ms. Chauvin of equal employment opportunities and to otherwise adversely affect her status as an employee because of her involvement in an employment discrimination lawsuit, activity protected under Title VII of the Civil Rights Act of 1964, as amended.

17. The unlawful employment practices complained of in paragraphs 9 though 15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 9 though 15 above were done with malice or with reckless indifference to Ms. Chauvin's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of retaliation in violation of Title VII.

B. Order Defendants to institute and carry out policies, practices, actions, and programs which provide equal employment opportunities for employees who oppose unlawful employment practices or otherwise engage in protected activity and which eradicate the effects of their past and present unlawful employment practices. Such relief may include, but not be limited to, training of Defendants' employees regarding unlawful retaliation; and disciplinary actions against employees who have committed unlawful retaliation.

C. Order Defendant Watco Companies, Inc., to make whole Ms. Chauvin by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendant Watco Companies, Inc., to reinstate Ms. Chauvin or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant Watco Companies, Inc., to make whole Ms. Chauvin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 15 above, in amounts to be determined at trial.

F. Order Defendant Watco Companies, Inc., to make whole Ms. Chauvin by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 though 15 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

G. Order Defendant Watco Companies. Inc., to pay Ms. Chauvin punitive damages for their malicious and reckless conduct described in paragraphs 9 though 15 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems appropriate in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888

Equal Employment Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

*/s/ Michelle J. Butler*

**MICHELLE BUTLER (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 01286

**TANYA L. GOLDMAN**
Trial Attorney
No Bar Roll No. Assigned
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA 70112
Tel:   (504) 595-2878 (Main Legal)
        (504) 595- 2872(Butler)
        (504) 595-2914 (Goldman)
Fax:   (504) 595-2886 or 589-6861

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**WATCO'S REGISTERED AGENT
FOR SERVICE OF PROCESS:**

Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

**THE KANSAS CITY SOUTHERN RAILWAY COMPANY'S
REGISTERED AGENT FOR SERVICE OF PROCESS:**

C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808