UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 10-cv-1515 |
| VERSUS | JUDGE STAGG |
| WATCO COMPANIES, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Michelle Chauvin was employed by Kansas City Southern Railway Co. ("KCS"), during which time she filed suit against her employer for employment discrimination. Chauvin later went to work for Watco Companies, Inc. She alleges that KCS officials told Watco about Chauvin's employment discrimination suit, and Watco immediately fired Chauvin. The EEOC filed this action against Watco and KCS to seek relief based on those allegations.

The EEOC promptly served Watco, but it did not serve KCS within the 120-day period provided by Fed. R. Civ. Proc. 4(m). KCS filed a Motion to Dismiss (Doc. 26) based on the lack of timely service. It is recommended, for the reasons that follow, that the motion to dismiss be denied and that the EEOC be ordered to serve KCS promptly if KCS again declines to waive service.

**Rule 4(m)**

Rule 4(m) provides that if service of the summons and complaint is not made within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant, or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The rule has been interpreted to broaden a district court's discretion from that afforded by former Rule 4(j) and allow the court to extend the time for service even when a plaintiff fails to show good cause. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).

If good cause is present, the district court *must* extend the time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. Id. See also Henderson v. U.S., 116 S.Ct 1638, 1643 (1996) (noting that 1993 amendments accorded discretion to the courts to enlarge the 120-day period "even if there is no good cause shown.").

**Relevant Facts**

Ms. Chauvin filed a charge of discrimination with the EEOC in December 2007 that accused Watco and KCS of unlawful retaliation. KCS was served with the charge and was aware of the agency's investigation. The briefs represent that KCS participated in an EEOC mediation regarding Ms. Chauvin's claims in June 2010. The mediation resulted in a settlement agreement of some kind between Ms. Chauvin and KCS.

The EEOC filed its complaint with this court on September 30, 2010. The Clerk of Court issued summonses for KCS and Watco. Watco returned a waiver of service within a few days, but the EEOC did not immediately attempt to gain a waiver from or make service on KCS. Counsel for the EEOC represents that the agency withheld serving KCS until it could ascertain the ramifications of the confidential settlement agreement between Ms. Chauvin, who was represented by private counsel, and KCS. The agency wanted to make sure it did not seek any relief for Ms. Chauvin that she had waived as part of her settlement. Counsel represents that the EEOC was getting conflicting information and did not get a definitive answer until January 2011.

In November 2010, Watco filed a motion to dismiss, and the parties began briefing that motion and a related motion to amend the complaint. The Rule 4(m) period ended on January 28, 2011. Counsel for the EEOC represents that the agency realized on January 26, 2011 that it needed to serve KCS, even though Watco's motion to dismiss and the EEC's motion for leave to amend complaint remained pending. The EEOC sent KCS a request for waiver of service, which KCS's registered agent received on January 27, 2011, one day before the Rule 4(m) period expired. The agency also sent a courtesy copy of the complaint and a cover letter to the KCS attorney. KCS did not sign the waiver. Rather, it filed on February 4, 2011, its motion to dismiss for untimely service.

**Analysis**

Federal Rule of Civil Procedure 4(d) attempts to reduce the expenses of litigation by encouraging defendants to waive formal service of a summons and complaint. Parties who waive service are extended the benefit of additional time to answer the complaint (60 days from the request for waiver, as opposed to 21 days after actual service). A defendant is penalized if it refuses to waive service without good cause; Rule 4(d)(2) allows the court to impose on the non-waiving defendant the expenses of service and reasonable expenses and attorney fees associated with any motion required to collect those service expenses.

This court has long supported the goal of those rules. Of late, some defendants have taken the position that if they receive a request for waiver within the 120-day period but the 30 days they have to consider the request end outside the 120-day period, the defendant has no obligation to execute the waiver and may obtain dismissal for untimely service. The court need not pass on the merits of the timing argument because it can avoid the issue by exercising its discretion to extend the Rule 4(m) time for service in these circumstances. KCS has known about Ms. Chauvin's complaints since they were lodged with the agency, and it has participated in a mediation in recent months. There is no basis for KCS to claim prejudice or surprise from the slight delay of service beyond what is permitted by Rule 4(m). The agent for service and perhaps even the attorney for KCS received a request for waiver within the permitted time. They simply chose to not waive service.

Dismissal is technically permitted under these circumstances on the face of the rules. But the court has discretion in its application of the rules in deciding whether dismissal is appropriate. The rules should be administered to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1. It might perhaps promote the speediness with which cases are adjudicated if the court took the Draconian step of dismissal in this setting, but it would not be just. And promoting waivers, as encouraged by the rules, results in less expensive litigation.

The defendant knew about the claim since its origin, was aware of the civil action within 120 days of service, and has not articulated any actual prejudice from the slight delay. It would be an abuse of the court's discretion to order dismissal in this case where there was only a slight delay.

Accordingly,

**IT IS RECOMMENDED** that KCS's **Motion to Dismiss (Doc. 26)** be **denied**.

**IT IS FURTHER RECOMMENDED** that KCS be allowed **14 days** to file a waiver of service or answer and, if it does not do so, the EEOC should be required to file evidence of formal service on KCS within **14 days thereafter**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE