UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 10-cv-1515 |
| VERSUS | JUDGE STAGG |
| WATCO COMPANIES, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

The EEOC filed this action against Watco Companies, Inc. ("Watco") and the Kansas City Southern Railway Company ("KCS"). The agency alleges that the two defendants are liable under Title VII for unlawfully retaliating against Michelle Chauvin. Watco filed a Motion to Dismiss (Doc. 6) on the grounds that the original complaint did not allege adequate facts under the Twombly/Iqbal standard. The EEOC argued that the original complaint was adequate but also filed a Motion for Leave to File Amended Complaint (Doc. 14) to add additional factual details. Watco opposes the proposed amendment. For the reasons that follow, it is recommended that the Motion for Leave to Amend be granted and that the Motion to Dismiss be denied.

**Leave to Amend**

The EEOC filed its original complaint on September 30, 2010. It alleged that Ms. Chauvin, when employed by KCS, filed an employment discrimination suit against the company. Chauvin later went to work for Watco, but that company fired her after a KCS

employee allegedly informed Watco that Chauvin had been involved in a lawsuit against KCS.

Watco's Motion to Dismiss attacked the original complaint for lacking details such as what Chauvin's immediate supervisor was told regarding Chauvin's involvement in the KCS lawsuit, whether anyone at Watco was ever told of the nature of the KCS suit, and whether Watco knew that the KCS suit related to employment discrimination.

Federal Rule of Civil Procedure 15(a)(1)(B) allowed the EEOC to amend its complaint once "as a matter of course" within 21 days after Watco served its motion to dismiss on November 29, 2010. The deadline for taking advantage of that rule was December 20, 2010, but the EEOC waited until December 21, 2010 to file its proposed amended complaint (Doc. 10). The Clerk of Court issued a notice of deficiency because the proposed pleading was not accompanied by a motion for leave to amend. The EEOC filed its motion for leave two days later. The agency proposes to add facts in response to the questions raised by Watco.

Watco opposes leave to amend. It complains that the proposed amendment contains several "newly asserted factual allegations" that were not contained in the original complaint. Watco complains, in particular, about allegations with regard to what Ms. Chauvin's supervisor knew about the KCS lawsuit. Watco argues that allowing these new facts would "unduly prejudice Watco's ability to defend against these new allegations" because Watco has no knowledge of when, where, or how the EEOC discovered these new facts.

The court "should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a). The Fifth Circuit interprets Rule 15 as having a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999). See also Foman v. Davis, 83 S.Ct. 227 (1962)(refusal to grant leave to amend "without any justifying reasons is not an exercise of discretion; it is merely abuse of that discretion.")

The case is in its infancy. There has not been so much as initial disclosures or a scheduling conference and, if the EEOC had tendered its amended complaint only hours earlier, it would have been filed of right, leaving Watco no legal ability to object. Watco has generically complained of prejudice because it does not now know where the EEOC learned the facts alleged, but that is often the case for defendants in a new lawsuit. Initial disclosures and discovery provide a mechanism for Watco to explore the basis for the allegations. That Watco does not already know where the plaintiff got its information is not a reasonable basis for Watco to oppose the proposed amendment. It would be an abuse of discretion to deny leave to amend in these circumstances, and it is frivolous for Watco to argue that it would be prejudiced by the amendment. Accordingly, the Motion for Leave to File Amended Complaint (Doc. 14) should be granted.

**The Amended Complaint**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). The amended complaint will govern for current purposes, so a fair summary of the facts alleged in that pleading will be set forth below.

Ms. Chauvin was previously employed by KCS. She filed an EEOC charge of discrimination against the company and, in 2005, she filed a lawsuit that alleged KCS engaged in employment discrimination. Amended Complaint, ¶ 11.

In May 2007, Ms. Chauvin was still employed by KCS, and her employment discrimination suit was pending. She began to seek employment with Watco. ¶ 12. Watco interviewed Ms. Chauvin in late May or early June of 2007, and it offered her a marketing position in its Shreveport office. ¶ 13.

KCS was one of Watco's largest clients. When Watco decided to hire Ms. Chauvin, Watco's senior vice president of marketing made a courtesy call to KCS's customer service director to inform him and the railroad that Watco would be offering Ms. Chauvin a job. ¶¶ 14-15. Ms. Chauvin, in June 2007, left her job at KCS and began working at Watco as a marketing manager for the Gulf region. Her responsibilities included working with personnel at KCS. She worked without incident until September 2007, and her immediate supervisors had complimented her for doing a great job. ¶¶ 17-18.

Sometime in late August or early September 2007, one or more KCS management employees told Ms. Chauvin's Watco supervisor (the senior VP of marketing) that Ms. Chauvin was involved in a discrimination lawsuit against KCS. ¶ 19. Ms. Chauvin's immediate supervisor and the senior VP of marketing met Ms. Chauvin in Shreveport during the week of September 3, 2007. They told her that a KCS marketing department employee had informed Watco's senior VP that Ms. Chauvin was involved in a lawsuit against KCS. ¶ 20. When Ms. Chauvin confirmed that she did have an employment discrimination suit pending against KCS, Watco's senior VP told Chauvin that she was fired effective September 6, 2007 "because she was involved in a suit against KCS and KCS was one of Watco's biggest customers." ¶ 21. Ms. Chauvin alleges that her termination was retaliatory discharge in violation of Title VII because she was involved in an employment discrimination suit against KCS. ¶ 10.

**Rule 12(b)(6)**

In assessing a motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor,

503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

**Title VII Retaliation**

It is an unlawful employment practice for an employer to discriminate against any of his employees because the employee has opposed any practice made an unlawful employment practice by Title VII or because the employee has made a charge or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).

The McDonnell Douglas framework is often used to analyze evidence in employment discrimination claims that get past pleadings review. It is not controlling in this setting, but it may be worthwhile to review. Under the framework, a retaliation plaintiff must first establish a prima facie case. That requires the plaintiff to show that (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007). If the plaintiff makes a prima facie showing, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its employment action. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real retaliatory purpose. McCoy, 492 F.3d at 557.

**Analysis**

To survive Watco's motion to dismiss, the EEOC's complaint must contain enough factual matter (taken as true) to raise a reasonable hope or expectation that discovery will reveal relevant evidence of each element of its claim. This does not impose a probability requirement at the pleading stage. It simply calls for enough facts to raise a reasonable expectation that discovery will reveal that the elements of the claim exist. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 257 (5th Cir. 2009), citing Twombly, 127 S.Ct. at 1965.

The EEOC, in response to Watco's concerns about the adequacy of the facts in its original complaint, has filed an amended complaint that provides substantially more facts and easily satisfies the Rule 12(b)(6) standard. The EEOC was not required to plead enough facts to establish a prima facie case. Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002). The EEOC has nonetheless set forth enough facts in its amended complaint to do so. It is alleged that Ms. Chauvin engaged in protected activity by filing an employment discrimination suit against her employer, she was fired, and she was told by a supervisor that the reason she was fired was her filing of the employment discrimination lawsuit. That is more than adequate to give rise to a reasonable expectation that discovery will reveal the elements of a retaliation claim. That is all that is required to survive this preliminary examination of the pleadings, where the only challenge is to the degree of factual detail offered by the plaintiff.

Accordingly,

**IT IS RECOMMENDED** that the EEOC's **Motion for Leave to File Amended Complaint (Doc. 14)** be **granted** and that Watco's **Motion to Dismiss (Doc. 6)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE