U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 28 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Plaintiff* | * * * |
| VERSUS | * CIVIL ACTION NO. 5:10-cv-01515 * * |
| WATCO COMPANIES, INC. | * JUDGE STAGG * |
| and | * * |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, *Defendants* | * MAGISTRATE JUDGE HORNSBY * * * |

## CONSENT DECREE

The Plaintiff, Equal Employment Opportunity Commission ("EEOC"), instituted the above captioned civil action in the United States District Court for the Western District of Louisiana, Shreveport Division, alleging that Watco Companies, Inc. ("Watco"), unlawfully discharged Michelle Chauvin in retaliation of having a pending lawsuit against Defendant, the Kansas City Southern Railway ("KCSR") in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). The EEOC further alleged that KCSR unlawfully retaliated against Michelle Chauvin for filing an employment discrimination lawsuit against it by providing a negative reference or otherwise interfering with her employment with Defendant Watco. KCSR has denied and continues to deny all allegations raised by the Plaintiff in this suit.

This Consent Decree entered into between the Equal Employment Opportunity Commission (EEOC) and the Kansas City Southern Railway Company (KCSR) shall not be construed as an admission by KCSR of any

1

unlawful conduct, and in fact KCSR denies the same. However, in the interests of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in negotiations, the parties have agreed that this action should be fully and finally resolved by entry of this Consent Decree and a Joint Motion to Dismiss.

WHEREAS, KCSR specifically denies the allegations asserted in this lawsuit and denies Plaintiff is entitled to any of the relief it seeks therein, it is understood and agreed this Consent Decree represents a compromise of disputed claims. Neither the existence nor the terms of this Consent Decree constitute any admission by KCSR of any liability, wrongdoing, or violation of any law.

WHEREAS, the EEOC and KCSR wish to resolve and fully and finally settle any and all claims asserted by the EEOC against KCSR in the lawsuit without any admission of any kind by any party.

**THEREFORE, IT IS HERBY AGREED BETWEEN THE EEOC AND KCSR** that:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. This Consent Decree is entered in full, final and complete settlement of any and all claims arising out of or contained in Civil Action No. 10-01515 filed in the U.S. District Court for the Western District of Louisiana regarding KCSR. This Consent Decree constitutes a complete resolution of all claims that were made by the EEOC against KCSR in this action.

3. The purpose of Title VII will be furthered by the execution of this Consent Decree, the terms of which are fair and equitable.

4. Neither the negotiation nor execution of this Consent Decree shall constitute an acknowledgment or admission of any kind by KCSR, that its officer, managers, supervisors,

unlawful conduct, and in fact KCSR denies the same. However, in the interests of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in negotiations, the parties have agreed that this action should be fully and finally resolved by entry of this Consent Decree and a Joint Motion to Dismiss.

WHEREAS, KCSR specifically denies the allegations asserted in this lawsuit and denies Plaintiff is entitled to any of the relief it seeks therein, it is understood and agreed this Consent Decree represents a compromise of disputed claims. Neither the existence nor the terms of this Consent Decree constitute any admission by KCSR of any liability, wrongdoing, or violation of any law.

WHEREAS, the EEOC and KCSR wish to resolve and fully and finally settle any and all claims asserted by the EEOC against KCSR in the lawsuit without any admission of any kind by any party.

**THEREFORE, IT IS HERBY AGREED BETWEEN THE EEOC AND KCSR** that:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. This Consent Decree is entered in full, final and complete settlement of any and all claims arising out of or contained in Civil Action No. 10-01515 filed in the U.S. District Court for the Western District of Louisiana regarding KCSR. This Consent Decree constitutes a complete resolution of all claims that were made by the EEOC against KCSR in this action.

3. The purpose of Title VII will be furthered by the execution of this Consent Decree, the terms of which are fair and equitable.

4. Neither the negotiation nor execution of this Consent Decree shall constitute an acknowledgment or admission of any kind by KCSR, that its officer, managers, supervisors,

agents or employees have violated or have not been in compliance with Title VII or with any other applicable law, regulation or order and in fact, KCSR denies the same.

5. KCSR agrees to continue to comply with all requirements of Title VII. KCSR agrees not to retaliate against any former employee based upon his or her opposition to employment discrimination.

6. KCSR agrees not to discriminate or retaliate in any manner against any individual because he or she has made a charge of discrimination, testified, assisted, or participated in any manner in any investigation by the EEOC.

7. KCSR also agrees to direct all parties seeking employment references or employment verification regarding Michelle Chauvin to contact "The Work Number" at 1-800-367-5690, and KCSR agrees that information provided by "The Work Number" is limited to the following neutral information: dates of employment, positions held, and salary information (if authorized by Ms. Chauvin).

8. When called by potential employers of Michelle Chauvin for job references, KCSR agrees not to mention any previous or existing EEOC charge, allegations of discrimination, lawsuit against KCSR or the EEOC's lawsuit against KCSR.

9. KCSR agrees to segregate and keep in a separate file maintained by the KCSR legal department, documents regarding Michelle Chauvin's claims of discrimination, including but not limited to any EEOC charges, lawsuits or this EEOC lawsuit.

10. KCSR agrees to effectively communicate, and continue to enforce written policies and procedures for preventing and investigating complaints of unlawful retaliation.

11. KCSR agrees that, at each of its facilities in the State of Louisiana, it will post copies of the Notice attached as Exhibit A to this Consent Decree at all Louisiana facilities in

conspicuous locations easily accessible to and commonly frequented by employees, the posters are required to be displayed in the workplace by EEOC regulation 29 C.F.R.§1601.30. The Notice shall remain posted for one year. This Notice shall advise employees that complaints of employment discrimination may be filed with KCSR's representatives or filed directly with the EEOC.

12. KCSR agrees to continue to provide in its Louisiana facilities live, in person Equal Employment Opportunity ("EEO") training to its employees regarding employment discrimination, including, but not limited to the illegality of retaliatory actions taken against an employee, former employee or an applicant for exercising their federally protected rights to oppose what they believe to be retaliatory conduct and/or for participating in any EEOC Charge and/or litigation as a party or a witness pursuant to Title VII. All participants shall be required to sign a registry upon completion of the training. The training shall be conducted within eight (8) months from the entry of this Consent Decree.

13. KCSR agrees that the training portion regarding retaliation will explain that (i) retaliation is unlawful; (ii) instruct what conduct may constitute retaliation; (iii) explain the damaging effects of retaliation on its victims, their families, their co-workers and the workplace environment; and (iv) ensure that KCSR's managers know how to enforce its equal employment opportunity policy as it pertains to retaliation.

14. KCSR agrees that the agenda, the teaching materials and the name and resume of the trainer will be submitted to the EEOC for approval prior to the training. The EEOC shall then have fourteen (14) business days from the date of receipt of the information to accept or reject the contents of the topic outline and/or trainer. In the even the EEOC does not approve

KCSR's materials or trainer, KCSR shall have twenty (20) business days to submit a revised outline and identity a new prospective trainer.

15. Following the training, KCSR agrees to notify the EEOC of the training by indicating when and where the training took place, the duration of the training, and the identity of the trainer(s) and the attendees. A copy of the registry shall be submitted to the EEOC no more than thirty (30) days following the training. The notification or report shall be submitted to the EEOC through the Designated Senior Trial Attorney, Michelle T. Butler, or her designee at the following address: 1555 Poydras Street, Suite 1900, New Orleans, Louisiana 70112.

16. Within six (6) months from the execution of this Consent Decree, KCSR agrees to make a report to the EEOC documenting its compliance with each of the terms of this Consent Decree and providing supporting documentation where applicable. In the event full compliance has not been achieved, KCSR shall explain why compliance has not been achieved and shall provide its plan for compliance. KCSR agrees to send this report to the EEOC through the Designated Senior Trial Attorney, Michelle T. Butler or her designee.

17. Within thirty (30) days of the execution of this Consent Decree, KCSR agrees to name a Liaison with whom the Commission can communicate regarding compliance with this Consent Decree. KCSR agrees to provide the Liaison's name, title (if applicable), work address, and work telephone number. The Liaison shall be responsible for making the report under this Consent Decree and for communicating with the EEOC regarding compliance with each term of this Consent Decree.

18. If the EEOC asserts that KCSR has breached any one or more of the terms of this Consent Decree, the EEOC agrees to provide written notice to KCSR, delivered via facsimile to the Liaison designated by KCSR in paragraph 17 above, describing in detail each asserted breach

and identifying the corresponding term(s) of this Consent Decree. KCSR will have sixty (60) days from receipt of the EEOC's notice of breach to materially redress the identified breach (es). If KCSR fails to materially redress the identified breach (es) within sixty (60) days following its receipt of written notice of breach from the EEOC, the EEOC may commence proceedings to enforce the term(s) identified in its previously transmitted notice of breach and with KCSR reserving all rights to deny any assertions of a breach.

19. The EEOC and KCSR will each bear its own costs and attorney's fees.

20. This Consent Decree shall remain in effect and shall be enforceable by the parties for one year from its entry.

**IT IS SO CONFIRMED.**

THUS DONE AND SIGNED, _Shreveport_, Louisiana, this 28th day of _August_, 2013.

_____
UNITED STATES DISTRICT JUDGE